IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00419 SOM |
| | ) | CIV. NO. 07-00571 SOM/LEK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITION UNDER |
| | ) | 28 U.S.C. § 2255 TO VACATE, |
| DORY KIM FRANTZ, | ) | SET ASIDE, OR CORRECT |
| | ) | SENTENCE BY A PERSON IN |
| Defendant. | ) | FEDERAL CUSTODY |
| _____ | ) | |

ORDER DENYING PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

I.      INTRODUCTION.

On April 6, 2006, Defendant Dory Kim Frantz was convicted by a jury on Counts 1 and 2 of the First Superseding Indictment dated March 1, 2006.  Count 1 charged Frantz with knowingly and intentionally conspiring to distribute fifty grams or more of methamphetamine, its salts, isomers, and salts of its isomers.  Count 2 charged Frantz with knowingly and intentionally distributing fifty grams or more of methamphetamine, its salts, isomers, and salts of its isomers.

On August 14, 2006, this court sentenced Frantz to 188 months in prison and 5 years of supervised release for each of the two counts, with the terms to run concurrently.  Frantz was also sentenced to a $200 special assessment.

Judgment was entered on August 21, 2006, and Frantz appealed.  On July 20, 2007, the Ninth Circuit Court of Appeals

affirmed Frantz's judgment of conviction and sentence.  <u>See</u> Memorandum, No. 06-10535 (July 20, 2007).

On November 16, 2007, Frantz filed the present § 2255 petition, arguing 1) that her 188-month sentence is unreasonable; 2) that her attorney was ineffective in failing to suppress her recanted statement; 3) that her attorney was ineffective in failing to have her qualify for the safety valve; and 4) that her attorney was ineffective in failing to call witnesses or object to jury instructions.  Because each of these arguments could have been raised to this court and argued on appeal and because some of these arguments have already been rejected by the Ninth Circuit Court of Appeals, Frantz is procedurally barred from raising them now.  Even if the court considered these arguments, Frantz would not be entitled to § 2255 relief.

The court held a hearing on Frantz's § 2255 petition on March 31, 2008.  However, the court continued that hearing upon learning that Frantz's legal papers had somehow gone astray.  The court then sent Frantz copies of her petition and of the Government's response, and granted her leave to file a reply in support of her petition no later than April 28, 2008.  Frantz has filed no reply to date.  At the March 31, 2008, hearing, the court informed Frantz that it might rule on her petition without a hearing.  The court now exercises its discretion to decide

Frantz's § 2255 petition without a hearing.  See Local Rule 7.2(d).

II.     ANALYSIS.

A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255.  None of the arguments raised by Frantz justifies § 2255 relief.

      A.    Frantz cannot Proceed With Claims That Were Previously Rejected or That Could Have Been Raised In the Trial or Appellate Court.

A § 2255 petition cannot be based on a claim that has already been disposed of by the underlying criminal judgment and ensuing appeal.  As the Ninth Circuit stated in Olney v. United States, 433 F.2d 161, 162 (9th Cir. 1970), "Having raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255."  To the extent Frantz argues that her 188-month sentence is unreasonable in light of sentences received by coconspirators and the advisory nature of the sentencing guidelines (Ground 1), that claim has already been rejected by the Ninth Circuit and therefore cannot be raised in the present § 2255 petition:

3

> When a defendant challenges a sentence on the ground of disparity with co-defendants under 18 U.S.C. § 3553(a)(6), the defendant must establish that those co-defendants are similarly situated because § 3553(a)(6) mandates that sentencing judges take into account "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."
>
> Here, the District Court considered Ms. Frantz's criminal history and personal characteristics, her role in the offense, and the advisory Sentencing Guideline range of 188-235 months. The Court rejected Ms. Frantz's sentencing disparity argument because Mr. Winings and Mr. Nicolai received credit for cooperating with the government, and Mr. Frantz received a lower sentence because he was responsible for a smaller drug amount and pled guilty. Accordingly, we conclude that Ms. Frantz's sentence was not unreasonable.

Memorandum, No. 06-10535 (July 20, 2007) at 13.

To the extent Frantz argues that her attorney was ineffective in failing to object to jury instructions, the essence of that claim was also rejected by the Ninth Circuit and cannot be raised in the present § 2255 petition:

> The District Court did not constructively amend the superseding indictment by failing to instruct the jury regarding the amount of methamphetamine set forth in the overt act section, which was unnecessarily alleged in Count one of the superseding indictment. The District Court properly instructed the jury that Ms. Frantz conspired with others to distribute methamphetamine between January 1, 2005 and June 16, 2005.

Memorandum, No. 06-10535 (July 20, 2007) at 11.  The Ninth Circuit also determined that this court did not improperly instruct the jury about the timing of the methamphetamine distribution alleged in Count 2.  Id. at 11-12.

Even when a § 2255 petitioner has not raised a particular ground on direct appeal, the petitioner is procedurally barred from raising an issue in a § 2255 petition if it could have been raised on direct appeal, unless the petitioner can demonstrate both "cause" and "prejudice" for the failure to do so.  In United States v. Frady, 456 U.S. 152, 167-168 (1982), the court said, "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  Id.; accord Davis v. United States, 411 U.S. 233, 242 (1973).

Frantz procedurally defaulted on her present claims that her attorney should have sought suppression of her recanted statement (Ground 2), should have ensured she qualified for the safety valve (Ground 3), and failed to call witnesses (ground 4), as well as other claims that Frantz may be raising in her § 2255 petition.  Frantz does not even attempt to demonstrate "cause" for her failure to raise these alleged trial errors earlier.  Nor does Frantz show any prejudice, as she fails to identify any

basis for suppressing her recanted statement; fails to demonstrate that, having chosen to go to trial, she would have been eligible for the safety valve; and fails to identify who would have testified and what he or she would have said.  Indeed, with respect to the safety valve issue, Frantz consciously chose not to avail herself of the safety valve, as discussed below.

>           B.   Even if Considered, Frantz's Ineffective
>                Assistance of Counsel Claims Do Not Justify § 2255
>                Relief.

Even if the court considers Frantz's ineffective assistance of counsel claims, those claims do not justify § 2255 relief.  To establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).  There is "a strong presumption" that counsel's conduct was reasonable and that counsel's representation did not fall below "an objective standard of reasonableness" under "prevailing professional norms."  Id. at 688.  Even if a petitioner can overcome the presumption of effectiveness, the petitioner must still demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  Because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after

conviction," judicial scrutiny of counsel's performance is highly deferential. Id. at 689.

Frantz fails to demonstrate that her counsel's performance fell below an objective standard of reasonableness. For example, she fails to identify any basis for seeking to suppress her recanted statement (Ground 2) or for objecting to jury instructions (Ground 4). She also fails to identify any witness who might have testified or describe what that testimony would have been (Ground 4). Given the overwhelming evidence of her guilt presented at trial, Frantz also fails to show that she was prejudiced by any of these alleged errors, even assuming her counsel's conduct fell below an objective standard of reasonableness.

Frantz also fails to establish that her counsel's performance fell below an objective standard of reasonableness when her counsel did not make sure that Frantz qualified for the safety valve. At Frantz's initial sentencing hearing, the court discussed whether Frantz qualified for the safety valve in light of her recantation of her statement. The court then continued Frantz's sentencing hearing to allow Frantz to discuss with her counsel whether she wanted to pursue her safety valve argument by giving a sentencing statement, which might waive for purposes of appeal a "sufficiency of the evidence" argument. See Transcript of Proceedings (July 25, 2006) at 3-21. Frantz ultimately choose

7

not to pursue her safety valve argument at the continued sentencing hearing. See Transcript of Proceedings (August 14, 2006).

Even assuming Frantz's counsel's performance with respect to the safety valve argument fell below an objective standard of reasonableness, Frantz fails to demonstrate prejudice, as she fails to show that she was, in fact, eligible for the safety valve. Although Frantz had provided the Government with a statement, she recanted that statement. In United States v. Lopez, 163 F.3d 1142, 1144 (9th Cir. 1998), the Ninth Circuit held that a defendant did not qualify for the safety valve, U.S.S.G. § 5C1.2, when the defendant did not truthfully and completely provide the Government will all information and evidence concerning the offense as required by § 5C1.2(a)(5). The Ninth Circuit stated that a defendant's "recantation casts doubt on his truthfulness." Id. Frantz had the opportunity to provide the Government with a truthful statement "no later than the time of the sentencing hearing." See U.S.S.G. § 5C1.2(a)(5). Her failure to do so made her ineligible for the safety valve.

IV.     CONCLUSION.

For the reasons set forth above, Frantz's § 2255 petition is denied without a hearing. The Clerk of Court is directed to send a copy of this order to: (1) Frantz,

(2) Jonathan M.F. Loo, 300 Ala Moana Blvd. #6100, Honolulu, Hawaii 96850, and (3) Pamela O'Leary Tower, 1050 Bishop St., Ste. 503, Honolulu, Hawaii 96813.  The Clerk of Court is also directed to enter judgment for the United States and to close this matter.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, May 12, 2008.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    United States District Judge

United States of America v. Frantz, Crim. No. 05-00419 SOM; Civ. No. 07-00571 SOM/LEK; ORDER DENYING PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY